Jin v. Holder

BIA
A089 918 900

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

PRESENT:

RICHARD C. WESLEY,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

SHUNFU JIN,
*Petitioner,*

v.                                          12-4554
NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Guang Jun Gao, Flushing, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
General; Richard M. Evans, Assistant
Director; Christina Bechak
Parascandola, Trial Attorney, Office
of Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Shunfu Jin, a native and citizen of China, seeks review of an October 25, 2012, decision of the BIA affirming the August 3, 2011, decision of Immigration Judge ("IJ") Robert Weisel, denying Jin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shunfu Jin*, No. A089 918 900 (B.I.A. Oct. 25, 2012), *aff'g* No. A089 918 900 (Immig. Ct. N.Y. City Aug. 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

We lack jurisdiction to review the agency's determination that Jin's asylum application is untimely, *see* 8 U.S.C. § 1158(a)(2)(B), or the agency's finding that untimeliness has not been excused by changed or extraordinary circumstances, *see* 8 U.S.C. § 1158(a)(2)(D). Notwithstanding these provisions, however, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Jin does not dispute the agency's determination that she failed to file her asylum application within one year of her arrival in the United States but challenges the BIA's determination that there was insufficient factual support for an ineffective assistance of counsel claim based on Jin's meeting with unidentified attorneys. Jin's challenge to the BIA's determination, therefore, is not a colorable constitutional claim as it merely disputes the BIA's factual findings. Furthermore, although Jin's brief identifies the requirements for raising an ineffective assistance of counsel claim, as described in *In re Lozada*, 19 I. & N. 637 (BIA 1988), there is no assertion or evidence suggesting that Jin complied with these requirements.

2

Jin has also failed to show any error in the agency's determination that she did not prove past persecution or a probability of future harm as required for withholding of removal or CAT relief.

The record establishes that Jin assisted a North Korean refugee, was detained for 15 days, and fined 4,000 RMB. At no time was Jin physically harmed or threatened by authorities. These allegations are insufficient to establish past persecution. *See Jian Qui Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011)(per curiam) (holding that petitioner failed to establish persecution where "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"); *Ivanishvili v. U.S. DOJ*, 433 F.3d 332, 341 (2d Cir. 2006) (defining persecution).

As to future persecution, Jin argues on appeal that she may be persecuted in China due to imputed political opinion. Jin's testimony, however, undercuts this argument; she stated that she joined an association to help North Korean refugees, yet no Chinese officials contacted her. Thus, there is no indication that Chinese officials knew of Jin's connection to the association or that she was persecuted by officials because of an imputed political belief. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)(per curiam) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). Furthermore, after Jin left China, her family was contacted only once by police in 2004. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005)(per curiam) (concluding that "absen[t] solid support in the record" a fear of persecution is "speculative at best"). As Jin has not shown a "clear probability" of persecution or torture, the agency properly denied her request for withholding of removal and CAT relief. *Hongsheng Leng*, 528 F.3d at 143; *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (stating that particularized evidence showing the likelihood of torture is necessary to establish eligibility for CAT protection).

3

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk